```
                 UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF LOUISIANA

MARGARET BARBARIN                         CIVIL ACTION

VERSUS                                    NO: 05-2695

GOODWILL INDUSTRIES SELA, INC.            SECTION: "J" (2)
```

**ORDER AND REASONS**

Before the Court is Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 37(b)(2)(C) and Fed R. Civ. P. 41(b). (Doc. 40.) An opposition has been filed. (Doc. 42.) For the following reasons the Court finds that the motion should be denied.

**BACKGROUND**

On June 27, 2005, Plaintiff Margaret Barbarin filed her original Complaint, alleging among other things, that she was subjected to discrimination, harassment, retaliation and violation of her personal dignity by Goodwill. (*See* Doc. 1.) Ms. Barbarin failed to serve Goodwill. After granting an extension of time in which to serve Goodwill, on March 8, 2006, the Court dismissed Ms. Barbarin's case without prejudice and entered judgment in favor of Goodwill. (*See* Docs. 10 and 11.)

On May 26, 2006, Ms. Barbarin's Motion to Reopen her case

was granted. (*See* Doc. 13.) On August 17, 2006, the Court granted Goodwill's Partial Motion to Dismiss because Ms. Barbarin's complaint contained causes of action unavailable to her. (*See* Doc. 21.) That same day, the Court granted Ms. Barbarin's Motion for Leave to file an Amended Complaint. (*See* Docs. 24 and 25.) Goodwill filed its answer on October 10, 2006. (*See* Doc. 26.)

On March 14, 2007, Goodwill filed a Motion to Compel Responses to Written Discovery Requests, which were propounded upon Ms. Barbarin nearly two months earlier. (*See* Doc. 33.) Goodwill's motion to compel was set for hearing before the Magistrate Judge on April 4, 2007, but Ms. Barbarin did not file an opposition or otherwise respond in any way. The Magistrate Judge found that Ms. Barbarin's responses were incomplete. Accordingly, on April 10, 2007, Magistrate Judge Wilkinson issued an order granting the Motion to Compel and awarding attorney's fees. (*See* Doc. 39. )

Among other things, the Order stated:

> IT IS ORDERED that, no later than twenty (20) days after entry of this order, Barbarin must provide defendant with full and complete responses to the subject discovery, without objection since all objections have been waived, and in full compliance with Fed. R. Civ. P. 33(b)(1) and (2) and 34(b). In addition, since no timely responses of any kind were provided and deficient responses were provided only <u>after</u> defendant filed its motion to compel, Barbarin and/or her attorney must pay to Goodwill $450 in reasonable attorney's fees and costs. Fed R. Civ. P.

      37(a)(4)(A).

Accordingly, Ms. Barbarin was to supplement her responses to discovery and correct the deficiencies by April 30, 2007. She failed to supplement her answers to interrogatories, produce additional documents, or pay the attorney's fees. She apparently did not respond in any way.

    Goodwill filed the instant Motion to Dismiss on May 2, 2007, set for hearing on May 30, 2007. Pursuant to Local Rule 7.5E, the deadline for Ms. Barbarin to respond to Goodwill's Motion to Dismiss was May 22, 2007. The opposition deadline passed with no response filed. The Court called Ms. Barbarin's counsel, Dele A. Adebamiji, to inquire whether the motion was opposed, but was only able to speak with a member of his staff. An opposition was filed two days late on May 24, 2007.

## DISCUSSION

    The Supreme Court has opined that "whether a court has power to dismiss a complaint because of noncompliance with a production order depends exclusively upon Rule 37" without resort to the more general Rule 41. *Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v. Rogers*, 357 U.S. 197, 207 (1958). "The dismissal of an action with prejudice is a drastic remedy and should be applied only in extreme circumstances." *Bon Air Hotel v. Time*, 376 F.2d 118, 121 (5th Cir. 1967). Because of

the severity of the sanction, dismissal with prejudice for failure to comply with a discovery order typically is appropriate only when the refusal to comply results from willfulness or bad faith accompanied by a clear record of delay or contumacious conduct, is attributable to the client rather than the attorney, and substantially prejudices the opposing party, and when a lesser sanction is an insufficient deterrent. *Coane v. Ferrara Pan Candy Co.,* 898 F.2d 1030, 1032 (5th Cir. 1990).

Following a blatant violation of an Order of this Court, Plaintiff opposes dismissal by belatedly arguing the motion to compel rather than offering a substantial justification for her failure to comply. Plaintiff's violation appears to be willful and is accompanied by a clear record of delay. However, it is not apparent to the Court that the client, rather than her attorney, is at fault. Defendant has been prejudiced by Plaintiff's misconduct, but the prejudice can be cured by compliance with the order and a continuance if Defendant needs one. Hopefully, the lesser sanction imposed by this order will be sufficient to deter future violations in this and other cases. The Court finds that dismissal with prejudice is not warranted at this stage in the proceeding.

The Court will award fees incurred in filing this motion against Plaintiff's <u>attorney</u> pursuant to Fed. R. Civ. P.

37(b)(2), *see F.D.I.C. v. Conner*, 20 F.3d 1376, 1380-83 (5th Cir. 1994), and will require the <u>attorney</u> to pay the Magistrate Judge's award of attorney's fees for the motion to compel also. Plaintiff is expressly warned that further noncompliance with this Court's orders or with the discovery rules will result in dismissal of her case with prejudice.

Accordingly,

**IT IS ORDERED** that Plaintiff must comply completely with the Magistrate Judge's Order no later than fifteen days after the entry of this order;

**IT IS FURTHER ORDERED** that Plaintiff's attorney, Dele Akintade Adebamiji, must pay $450 for defendant's attorney's fees related to the motion to compel. These funds must be paid into the registry of the Court no later than fifteen days after the entry of this order;

**IT IS FURTHER ORDERED** that Plaintiff's attorney, Dele Akintade Adebamiji, must pay $450 for defendant's attorney's fees related to the motion to dismiss. These funds must be paid into the registry of the Court no later than fifteen days after the entry of this order.

New Orleans, Louisiana this the 6th day of June, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE