UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARGARET BARBARIN                              CIVIL ACTION

VERSUS                                         NO: 05-2695

GOODWILL INDUSTRIES SELA, INC.                 SECTION: "J" (2)

**ORDER**

Before the Court is Plaintiff's Motion to Reconsider (Rec. Doc. 55). On June 12, 2007, Defendant timely filed a Motion for Summary Judgment and noticed a hearing on the motion for June 27, 2007. The Local Rules of this Court require oppositions to be filed eight days prior to the hearing date. Plaintiff did not file an opposition until the afternoon before the hearing date. After determining that the Defendant's Motion for Summary Judgment was meritorious on its face, this Court granted that motion and dismissed the Plaintiff's claims with prejudice. (Rec. Doc. 51). However, the Court did allow plaintiff thirty days to file a motion to reconsider. Plaintiff filed such a motion on July 26, 2007. (Rec. Doc. 55).[1]

---

[1] The Court noted in its June 26th order that the Defendant's Motion for Summary Judgment was the third time that the Plaintiff's attorney either failed to respond to a motion or

A district court has considerable discretion to grant or to deny a motion for reconsideration. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). A court's reconsideration of an earlier order is an extraordinary remedy, which should be granted sparingly. *See Fields v. Pool Offshore, Inc.*, No. Civ. A. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb.3, 1998), *aff'd*, 182 F.3d 353 (5th Cir. 1999); *Bardwell v. George G. Sharp, Inc.*, Nos. Civ. A. 93-3590, 93-3591, 1995 WL 517120, at *1 (E.D. La. Aug.30, 1995). The Court must "strike the proper balance" between the need for finality and "the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co.*, 6 F.3d at 355. To succeed on a motion for reconsideration, a party must "'clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) *(quoting Pioneer Natural Res. USA, Inc. v. Paper, Allied Indus., Chem. & Energy Workers Int'l Union Local 4-487*, 328 F.3d 818, 820 (5th Cir.2003)).

The Court's order required that if the Plaintiff were to file a motion to reconsider, it must be based on the appropriate Federal Rule of Civil Procedure.  Plaintiff's motion does not

---

otherwise oppose it.  The Court's June 6th order "expressly warned [Plaintiff's counsel] that further noncompliance with this Court's orders or with the discovery rules will result in dismissal of her case with prejudice."

cite any of the Federal Rules of Civil Procedure.  However, both Rule 59 and Rule 60 allow a court to reconsider a judgment if in equity it would be appropriate to do so.[2]

Equity does not favor the reconsideration of this Motion. On June 6, 2007 the Plaintiff was expressly warned that this Court would not tolerate further violations of its orders and deadlines.  (Rec. Doc. 47).  Plaintiff avers that she "tried very hard" to get a witness to execute an affidavit, apparently as evidence to be used in Plaintiff's opposition.  Plaintiff also avers that "she really attempted to meet the deadline without incurring the court's displeasure for an extension of time and inadvertently miscalculated the time."

If Plaintiff needed more time to prepare an opposition, she certainly could have asked the Court for an extension.  Instead, the Plaintiff never contacted the Court, and never responded in any way, except for a last minute filing the day before the hearing.  In contrast, Defense counsel has met every deadline, and responded diligently in every aspect of this case.

Therefore the equities of this case mandate that Plaintiff's Motion to Reconsider be denied.

---

[2]The rules provide that there are other reasons to grant reconsideration, however, Plaintiff has made no showing as to why those reasons are applicable to her case.  The plaintiff merely stated that she "asks [the] Court [to] consider this Motion for Reconsideration in good faith and grant the same in the interest of justice."

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Reconsider (Rec. Doc. 55) is **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Withdraw Documents (Rec. Doc. 56.) is **DISMISSED as moot.**

New Orleans, Louisiana this the 30th day of July, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE